IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ELLEANA FIELDING,
  on behalf of herself and all others
  similarly situated
        Plaintiffs,

v.                                              Civil Action No. 3:17-cv-561-JAG

DOLGEN, LLC
  t/a DOLGENCORP, LLC

and

BLUECROSS BLUESHIELD OF
TENNESSEE, INC.,
        Defendants.

## OPINION

The plaintiff, Elleana Fielding, brings a purported class action against her former employer, Dolgen, LLC ("Dollar General") for failure to pay retail managers overtime under the Fair Labor Standards Act ("FLSA") by improperly classifying the managers as exempt employees. She also claims that Dollar General and Blue Cross Blue Shield failed to provide her with notice of her right to continued health insurance following her termination. Dollar General moved to compel arbitration, and the Court determined that the Federal Arbitration Act entitled her to a jury trial on the issue of whether Fielding actually entered into the purported arbitration agreement. The parties conducted discovery on the issue, and the Court granted the defendant leave to file for summary judgment. The undisputed evidence shows that Fielding did, in fact, electronically sign a document agreeing to be bound by the terms of the arbitration agreement in this case, and the Court therefore grants the motion for partial summary judgment.

# I. BACKGROUND

Fielding began work as a manager with Dollar General on August 2, 2014. All Dollar General employees have access to an employee portal called DGme, by using a unique employee ID and password. Within the portal, employees may view certain information including Dollar General's Arbitration Agreement (the "Agreement"). Once an employee accessed the agreement, they had the option to review the Agreement, print the American Arbitration Agreement ("AAA") rules, and review and print the opt-out form to opt out of the Agreement. The Agreement stated that the employee had the ability to opt out of the agreement, but must do so by filling out the electronic opt-out form. It said that failure to opt out would result in the employee being bound to the terms of the Agreement. After an employee reviewed the agreement, the DGme portal provided the employee with the option to either (1) opt out at that time or (2) to take 30 days to review the agreement and decide. The 30-day review option provided that "I would like to take up to 30 days to review and consider the Agreement. I understand that if I do not expressly opt out within 30 days using the process described above, I will be bound by the terms of this Agreement." (Payne Depo. 17:7-15; Employment Agreement at page 3, Dk. No. 61-12.) The employee had to choose the opt-out now option or the 30-day review option and then type in his or her name as a signature.

Dollar General's electronic records indicate that Fielding viewed the Agreement through the DGme portal on August 5, 2014. She chose the 30-day review option and typed in her name. She looked at the Agreement again on August 22, 2014, and again chose the 30-day review option and typed in her name as her electronic signature. Fielding says that she was very busy in her first weeks and months of employment and that she does not recall seeing the Agreement in her DGme portal. In her opposition to the motion for summary judgment, Fielding makes the

unsupported assertion that she "never signed nor submitted an executed arbitration agreement through the DGme portal or otherwise," but also says that she was "swamped" during that time period and she "cleared any and all alerts on DGme . . . as quickly as possible with the minimum of attention so she could focus on her operational duties." (Opp. Br. at 5-6, Dk. No. 62.) Fielding points out that the screen shots of the DGme portal submitted by Dollar General differed from the screen shots she actually saw, but she does not contest the veracity of the electronic records showing that she chose and signed the 30-day review option and that the option said that failure to opt out would result in her being bound by the Agreement's terms.

## II. DISCUSSION

While the Federal Arbitration Act ("FAA") provides a right to a jury trial on the issue of whether the parties entered into an arbitration agreement, "[a] party resisting arbitration cannot obtain a jury trial merely by demanding one." *Drews Distrib., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 352 n. 3 (4th Cir. 2001) (quoting *Doctor's Assoc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996)) ("To establish a genuine issue entitling a party to a jury trial, an unequivocal denial that the agreement [to arbitrate] has been made [is] needed, and some evidence should [be] produced to substantiate the denial.") (punctuation in original) (citation omitted). The party seeking to avoid arbitration must meet the same standard as a party at summary judgment under Federal Rule of Civil Procedure 56.[1] *See Tinder v. Pinkerton Sec.*, 305 F. 3d 728, 735 (7th Cir. 2002) (citing the Second, Third, and Fifth Circuits).

---

[1] "This standard of review is 'akin to the burden on summary judgment.' Accordingly, 'the party requesting a jury trial under Section 4 must provide sufficient evidence in support of its claims such that a reasonable jury could return a favorable verdict under applicable law.'" *Davis v. Lendmark Fin. Servs., LLC*, No. 7:15-CV-000131, 2016 WL 1060340, at *3 (W.D. Va. Mar. 11, 2016) (internal citations omitted). Rule 56 of the Federal Rules of Civil Procedure directs courts to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3

In Virginia, if "a party fails to read a contract which he signs, he does so at his peril." *State Farm Fire & Cas. Co. v. Wallace*, 997 F. Supp. 2d 439, 447 (W.D. Va. 2014) (citing *Metro Realty of Tidewater, Inc. v. Woolard*, 223 Va. 92, 99, 286 S.E.2d 197 (1982)). Thus, in the absence of fraud, duress, or mutual mistake, a person with capacity to enter into a contract "'who reads it, or, without reading it or having it read to him, signs it, is bound by his signature.'" *Metro Realty of Tidewater, Inc. v. Woolard*, 223 Va. 92, 99, 286 S.E.2d 197, 200 (1982) (quoting *Rossi v. Douglas*, 203 Md. 190, 199, 100 A.2d 3, 7 (1953)).

In this case, the undisputed electronic evidence shows that Fielding received notice within her DGme employee portal that required her to read an Arbitration Agreement either immediately or within 30 days. The electronic records show that she clicked the option that said she would take 30 days but understood that failure to opt out within those 30 days would bind her to the Agreement. She then typed her name to sign the document. Although Fielding denies having seen the arbitration agreement, she says that she was "swamped" and that she clicked through the DGme tasks as quickly as possible with minimum attention. She attempts to use her unsupported denial to combat the motion for summary judgment, but the clear electronic records combined with her admission that she paid minimal attention to the forms she signed do not create a dispute of fact about whether she actually signed the Agreement. She signed the 30-day review option, which said that she understood she would be bound if she did not opt out. Even if she did not read the 30-day review notice or the Agreement, her signature binds her to the terms of the 30-day review period, and her ultimate failure to opt out bound her to the Agreement.

---

In deciding a summary judgment motion, the court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Nevertheless, if the non-moving party fails to sufficiently establish the existence of an essential element to its claim on which it bears the ultimate burden of proof, the court should enter summary judgment against that party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. CONCLUSION

For the reasons stated above, the Court finds that the undisputed facts show that Fielding signed the 30-day review provision on her DGme portal, and that her signature, along with her failure to opt-out of the arbitration agreement within 30 days, bound her to the terms of the Agreement. The Court therefore grants the motion for partial summary judgment.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: June 19, 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

5