IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ELLEANA FIELDING,
  on behalf of herself and all others
  similarly situated
          Plaintiffs,

v.                                                  Civil Action No. 3:17-CV-561

DOLGEN, LLC
  t/a DOLGENCORP, LLC

and

BLUECROSS BLUESHIELD OF
TENNESSEE, INC.,
          Defendants.

## OPINION

The plaintiff, Elleana Fielding, claims that her former employer, Dolgen, LLC ("Dollar General"), violated the Fair Labor Standards Act ("FLSA") by failing to pay managers overtime and retaliating against her for filing this suit. Fielding also claims that the defendants violated the Employee Retirement Income Security Act ("ERISA") by failing to inform her of her right to continued health insurance. As the Court has found in its recent Opinion on summary judgment, Fielding agreed to abide by Dollar General's Arbitration Agreement (the "Agreement"). The Court now visits Dollar General's motion to compel arbitration and stay the proceedings, and finds that the Agreement covers both the FLSA claims and the ERISA claim against Dollar General. The Court therefore grants the motion to compel arbitration and stay proceedings for Fielding's claims against Dollar General. The Court will also stay proceedings for Fielding's claim against her insurance provider, BlueCross BlueShield ("BCBS"), in order to promote judicial efficiency.

# I. BACKGROUND

Fielding began work as a manager with Dollar General on August 2, 2014. Fielding accessed the Agreement through Dollar General's employee portal shortly after starting work, and agreed to be bound by its terms.[1] The Agreement reads in part:

> You agree that, with the exception of certain excluded claims described below, any legal claims or disputes that you may have against Dollar General, its parents and subsidiary corporations, employees, officers and directors arising out of your employment with Dollar General or termination of employment with Dollar General ("Covered Claim" or "Covered Claims") will be addressed in the manner described in this Agreement.
>
> * * *
>
> Class and Collective Action Waiver: You and Dollar General may not assert any class action, collective action, or representative action claims in any arbitration pursuant to this Agreement or in any other forum.
>
> * * *
>
> By agreeing to participate in binding arbitration, you and Dollar General acknowledge and agree to the following:
> - This Agreement is governed by the Federal Arbitration Act.
>
> * * *
>
> - The procedures in this Agreement will be the exclusive means of resolving Covered Claims relating to or arising out of your employment or termination of employment with Dollar General, whether brought by you or Dollar General. This includes, but is not limited to, claims alleging violations of wage and hour laws, . . . retaliation, . . . and claims alleging violation of any other state or federal laws, except claims that are prohibited by law from being decided in arbitration, and those claims specifically excluded in the paragraph below.
> - Covered claims do <u>not</u> include claims for . . . benefits under [ERISA].

(Arbitration Agreement; Dk. No. 14-1 at 6, 7.) Fielding participated in Dollar General's group health benefits plan (the "Plan"), until Dollar General allegedly cancelled her coverage on July 30, 2016. Fielding claims that she incurred over $23,000 in uninsured medical costs as a result of the cancelled coverage.

---

[1] The Court adopts the facts as found in its Opinion on Dollar General's motion for summary judgment. (Dk. No. 66.)

## II. DISCUSSION

### *A. The Motion to Compel Arbitration*

The Federal Arbitration Act ("FAA") requires federal courts to "rigorously enforce arbitration agreements according to their terms." *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal marks and citations omitted). The FAA "reflects a liberal federal policy favoring arbitration agreements," and "ambiguities as to the scope of the arbitration clause itself [should be] resolved in favor of arbitration." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (internal marks and citations omitted). Courts must compel arbitration if the moving party demonstrates "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure . . . to arbitrate the dispute." *Id.* at 500–01 (internal marks and citations omitted).

Fielding does not dispute the first, third, or fourth elements under the FAA. Instead, Fielding raises three challenges to the motion to compel: (1) she did not enter into the Agreement; (2) the Agreement is unenforceable; and (3) the scope of the Agreement does not cover her claims.

#### *1. Entrance into the Agreement*

Fielding says the Court cannot compel arbitration because she never entered into the Agreement. For the reasons stated in the Court's Opinion granting the defendant's motion for partial summary judgment, Fielding agreed to be bound by the terms of the Agreement. (Dk. No. 66.)

## 2. *Enforcement of the Agreement*

Fielding brings a purported class action suit claiming violations of wage and hour laws, but the Agreement expressly prohibits class action claims in any forum. Generally, the FAA mandates enforcement of arbitration agreements, unless the agreement is illegal. 9 U.S.C. § 2. Fielding claims that the Agreement is illegal under the National Labor Relations Act ("NLRA"), and therefore unenforceable, because it prohibits collective action. The NLRA affords employees "the right to organize unions and bargain collectively," but the Supreme Court recently explained that it "does not mention class or collective action procedures" and does not provide a right to collective action. *Epic Systems Corp. v. Lewis*, Nos. 16–285, 16–300, 16–307, 2018 WL 2292444, at *9 (May 21, 2018). As a result, the Agreement is therefore legal and enforceable under the FAA.

## 3. *Scope of the Agreement*

Fielding claims that Dollar General violated the FLSA by (1) failing to pay her overtime and (2) retaliating against her for bringing the present lawsuit. The Agreement explicitly covers claims alleging violations of wage and hour laws and retaliation. (Dk. No. 14-1, at 7.) The FLSA claims therefore must go to arbitration.

Fielding also claims that Dollar General and BCBS violated ERISA by failing to notify her of changes to her healthcare plan. Dollar General allegedly canceled Fielding's policy on July 30, 2016, after she went on maternity leave and reduced her hours. (Amended Complaint; Dk. No. 9, at ¶¶ 30–32.) The plan administrator must notify the beneficiary of any changes to their rights under the plan in the event of a reduction of hours. 29 U.S.C. §§ 1163(2), 1166(a)(4). The defendants allegedly failed to notify Fielding, and as a result, she incurred over $23,000 in out-of-pocket medical expenses.

Although Fielding agreed to arbitrate certain disputes with Dollar General, the Agreement exempts claims for "ERISA benefits" from arbitration. Fielding makes a blanket assertion for ERISA benefits, but does not raise any facts or legal authority to support her claim. A claim for ERISA benefits implicates (1) a right to coverage, (2) an impermissible denial of benefits, or (3) a clarification of future rights. 29 U.S.C. § 1132(a)(1)(B). Based on the Court's interpretation of the complaint, Fielding does not state a claim for any benefits, but instead seeks statutory penalties. Under ERISA, a plan administrator who violates the notification requirement must pay the beneficiary a statutory penalty "in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1). "Other relief" includes medical expenses, minus deductibles and premiums, following a failure to notify. *Ward v. Bethenergy Mines, Inc.*, 851 F. Supp. 235, 239–40 (S.D. W. Va. 1994). Fielding seeks medical expenses incurred based on the defendants' failure to notify her of her right to continued coverage, but does not highlight any other specific benefits to which she is entitled. Fielding therefore fails to show a claim for benefits, and the Court interprets the Agreement to cover her ERISA claim. Indeed, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). The ERISA claim against Dollar General, therefore, must go to arbitration.

### *B. Timing of the Proceedings*

As discussed above, the FAA requires the Court to stay Fielding's claims against Dollar General pending arbitration. 9 U.S.C. § 3. BCBS, on the other hand, is not a party to the Agreement. The decision to "stay litigation among the non-arbitrating parties pending the outcome of the arbitration . . . . is one left to the district court . . . as a matter of its discretion to

control its docket." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 20 n.23 (1983). Nevertheless, where arbitration is "likely to resolve factual questions coextensive with claims against nonparties to that arbitration agreement, 'considerations of judicial economy and avoidance of confusion and possible inconsistent results . . . militate in favor of staying the entire action.'" *Koridze v. Fannie Mae Corp.*, 593 F. Supp. 2d 863, 872–73 (E.D. Va. 2009) (quoting *Am. Home Assurance Co. v. Mercury Constr. Corp.*, 629 F.2d 961, 964 (4th Cir. 1980)).

Fielding asserts identical ERISA claims against both defendants, so arbitration will likely resolve questions pertinent to the BCBS litigation, namely: (1) whether Dollar General or BCBS is the plan administrator;[2] and (2) whether either defendant delivered notice to Fielding. The Court will stay proceedings for the entire action, including Fielding's claim against BCBS, to avoid inconsistent results and promote judicial efficiency.

### III. CONCLUSION

The plaintiff's FLSA and ERISA claims against Dollar General must go to arbitration. The Court therefore grants Dollar General's motion to compel arbitration and stay proceedings. The Court will stay proceedings for the entire action.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: June 21, 2018
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[2] Only the plan administrator has a duty to provide notice to Fielding. 29 U.S.C. § 1166(a)(4); *Truesdale v. Pac. Holding Co./Hay Adams Div.*, 778 F. Supp. 77, 81 (D.D.C. 1991) (explaining that 29 U.S.C. § 1166(a) "places notice obligations only on the administrator of a group health plan"). Fielding's ERISA claim therefore turns on the identity of the plan administrator.